UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

GIODONNI GLOVER

No. 18 CR 643

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

A judge in the circuit court of Cook County issued a warrant to search defendant Giodonni Glover's apartment for illegal drugs and related evidence. The warrant was based on information provided by a confidential informant, "J. Doe," who was presented to the judge and whose criminal history, including any pending investigations, was also presented to the judge. The informant said that Glover sold cannabis and ecstasy, stored the drugs in containers in his bedroom, kept a safe under his bed, and had guns in the apartment. The search turned up about 15 grams of cannabis in plastic baggies, a scale, and one gun—but no ecstasy and no safe. Glover, charged with being a felon in possession of a firearm, now moves to suppress the seized evidence and his post-arrest statement admitting to possession of the gun for protection.[1]

---

[1] The motion to suppress, filed on May 6, 2019, was untimely. Pretrial motions were due on March 29, 2019. *See* [29] (bracketed numbers refer to entries on the district court docket). On March 30, defense counsel filed a motion for leave to file additional motions. [33]. That (untimely) motion was granted in limited part to allow for a motion for discovery related to the informant. [35]. But the defense did not ask for permission to file a motion to suppress the fruits of the search warrant. The discovery motion was due on May 1, and instead, the

The warrant states that a Chicago police officer, Christian Perez, and the informant appeared before a judge and signed and swore to the complaint in support of the search warrant. The signatures of "J. Doe," Perez, and the judge are on the complaint. The prosecutor's approval is indicated in the margins of both the warrant and the complaint. The judge, "[u]pon examination of the complaint," found that it stated "facts sufficient to show probable cause" to search Glover's apartment for evidence of the "manufacture/delivery of cannabis" in violation of state law.[2]

According to the complaint, Perez had a conversation with the informant on April 23, 2018. Perez did not say whether the informant had any track record of providing reliable information but did say that no threats or promises were made to Doe. The informant said that for at least the last two years, a person known as "Cotis" sold cannabis out of an apartment in Chicago. Doe bought ecstasy from Cotis in the apartment within the past three days, and saw cannabis, ecstasy, and guns there.

---

defense filed a motion to suppress on May 6 (again, untimely). The motion to suppress offers no explanation for the failure to challenge the warrant back in March. The basis for the motion (that the search warrant did not fully disclose details about the informant) was known to the defense. A motion to suppress evidence must be made before trial, and by the deadline set by the court. Fed. R. Crim. P. 12(b)(3)(C), (c)(1). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). The defendant must establish good cause before a court may consider an untimely motion to suppress. *United States v. McMillian*, 786 F.3d 630, 636 (7th Cir. 2015). Glover has not made a good-cause argument for his failure to challenge the warrant earlier. Nevertheless, I address the merits because the government has not invoked Rule 12(c)(3) nor been prejudiced by defense counsel's blunders.

[2] The parties submitted some exhibits, including the warrant and complaint for search warrant, to chambers. The exhibits must be filed on the public docket with redactions for personal identifiers such as dates of birth.

Doe identified a picture of Glover as the person Doe knew as Cotis and identified the specific address of the apartment. Doe was made available for questioning by the judge, and Doe's criminal history, "including possible pending investigations, if any," was also presented to her.

Glover points out that the details of Doe's criminal history, whether Doe was cooperating in the hopes of receiving a benefit in a pending investigation or had been recently arrested, and Doe's track record of reliability, gang affiliation, and personal relationship with Glover (if any) were not spelled out in the complaint. According to Glover, these omissions either invalidate the warrant for lack of probable cause or justify a *Franks* hearing and discovery of the informant's identity (or other details about the informant's background).

Defendants are in a difficult position when they challenge a search warrant based on information provided by a confidential informant. It is the defendant's burden to prove that disclosure of the informant's identity "is relevant and helpful" to his defense "or is essential to a fair determination of a cause." *United States v. Harris*, 531 F.3d 507, 514 (7th Cir. 2008) (quoting *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957)) ("*Harris II*"). But just saying he doesn't know if there's more to the informant than was disclosed is not enough. *See United States v. Hornick*, 815 F.2d 1156, 1158 (7th Cir. 1987) (noting that defendant was in a pickle, but the confidentiality of many informants must be maintained to protect their safety). On top of that, where—as here—the informant was used to obtain a search warrant, but

3

is not a witness to the charged offense, then the informant is a "mere tipster" and disclosure is not required. *Harris II*, 531 F.3d at 514–515.

An officer's reckless or intentional misrepresentation of facts necessary to support probable cause to issue a search warrant invalidates the warrant. *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). But to have a *Franks* hearing, the defendant must first make "a substantial preliminary showing" that a false statement was included in the warrant affidavit (intentionally or recklessly) and the allegedly false statement was necessary to the finding of probable cause. *Id*. "[T]he defendant must identify specific portions of the warrant affidavit as intentional or reckless misrepresentations, and the defendant should submit sworn statements of witnesses to substantiate the claim of falsity." *United States v. Harris*, 464 F.3d 733, 738 (7th Cir. 2006) ("*Harris I*"). When the defendant's theory is based on an omission from the warrant, there "is one additional important nuance: because officers must always make deliberate decisions about what to include in and omit from a warrant application, a *Franks* violation based on an omission requires a showing that the material information was omitted deliberately or recklessly *to mislead* the issuing magistrate." *United States v. Williams*, 718 F.3d 644, 650 (7th Cir. 2013) (emphasis in original).

Glover has submitted no sworn statements to support his request for a hearing and does not offer evidence that Perez's and Doe's statements about Glover and his apartment were false. He does not, for example, provide his own affidavit to deny that

he sold cannabis and ecstasy from the apartment in April 2018, or testimony from alibi witnesses that Glover was not at the apartment during the days in April when Doe said Glover was there. He points out that the officers did not find any ecstasy or a safe when they searched, but this is not a substantial showing of an intentional or reckless falsehood—contraband can be moved, and officers can unintentionally rely on false testimony.

Glover identified a person he thought could be Doe, and marshaled records indicating that this person was a member of the Gangster Disciples, had been in custody around the time Doe spoke to Perez, and was facing charges on a recent arrest in addition to a probation violation. Glover also asserts (without a sworn affidavit) that this person knew Glover through a personal relationship and had recently lived in the searched apartment. None of these specific facts were disclosed to the judge issuing the warrant. But Glover is only guessing that his suspect is Doe. There is no evidence that this suspect was the informant, and Glover does not explain why it would be reasonable to infer that Glover's suspect is Doe—a conclusory accusation that the suspect is Doe is not evidence. *See United States v. McMurtrey*, 704 F.3d 502, 509 (7th Cir. 2013) (conclusory allegations of deliberately or recklessly false information do not entitle defendant to a hearing). The records about Glover's suspect are not evidence of an omission about the informant. Glover has at most pointed out that there is someone in the world who could be Doe and has some specific credibility issues. This is not a substantial showing that Perez and Doe were trying to mislead

the judge when they presented Doe and Doe's criminal history (along with pending investigations) to the judge.³

Recall that Glover's theory is that the complaint omits information about Doe's credibility. But the complaint states that Doe was presented to the judge, as was Doe's criminal history, including pending investigations (if any). Glover offers no reason to suspect that "pending investigations" does not include recent arrests, and so unlike *United States v. Simmons*, 771 F.Supp.2d 908, 919 (N.D. Ill. 2011), and *United States v. Glover*, 755 F.3d 811, 817 (7th Cir. 2014), the warrant here did disclose Doe's criminal history. Glover relies on Perez's statement to federal agents that Doe had been recently arrested, and those words were not used in the complaint to the judge. But Glover has not offered any evidence to suggest that Perez withheld that information at all (since the complaint says criminal history including pending investigations were presented) much less to mislead the judge. The complaint made no disclosure about Doe's gang affiliation or personal relationship to Glover, but

---

³ The government submitted an affidavit from Perez in which Perez swears that Glover's suspect is not Doe. At this stage, without a full-blown *Franks* hearing, I do not consider Perez's affidavit and instead focus on Glover's evidence. *See United States v. McMurtrey*, 704 F.3d 502, 510 (7th Cir. 2013) (at the pre-*Franks* hearing stage, district courts should limit their consideration to the defendant's evidence). Glover's evidence suggests that he has misidentified Doe. His suspect was in Cook County Jail from April 4 and April 25, 2018. Doe allegedly bought ecstasy from Glover within 72 hours before April 23, 2018. It would seem impossible for someone in custody at the jail to buy drugs from an apartment. Glover does not argue that the drug buy described in the application is a materially false statement—he offers no sworn statements contradicting the assertions in the complaint (his only argument is that the warrant omitted information about Doe's credibility). The inference that I draw is that Glover is incorrect about Doe's identity.

Glover has no evidence to suggest that such information was known to Perez and intentionally or recklessly omitted from the complaint to deceive the judge.[4] There was no statement about Doe's reliability, but "[i]n the absence of information on Doe's history of reliability, the law required the Cook County judge to assume that Doe had no record of past reliability." *Edwards v. Jolliff-Blake*, 907 F.3d 1052, 1058 (7th Cir. 2018). Glover has no evidence to suggest that Doe had a track record of unreliable information, so there was no material omission with respect to reliability.

It is not easy to make the substantial preliminary showing to get a *Franks* hearing. *See McMurtrey*, 704 F.3d at 509, 511 (two affidavits from police officers showing contradictory information and the omission of that contradiction from the warrant); *Harris I*, 464 F.3d at 736 (affidavit from department of corrections official verifying that target's brother was incarcerated at time warrant affidavit claimed the brother was at the target premises and affidavit from defendant swearing that he

---

[4] Glover does not provide evidence of his own gang affiliation, such that bias on the part of a rival gang member might provide a reason to provide false information against Glover. Gang membership by itself is not necessarily probative of credibility, so without more suggesting how gang involvement relates to Doe's conduct as an informant, there has been no substantial showing of a material omission justifying a *Franks* hearing. Glover's counsel provides an unsworn assertion that Glover "did not have the best relationship with" the person he thinks is Doe. [49] at 5. Without evidence tying that rather universal truth about all families to an effort to mislead the judge, it is too insubstantial to merit a *Franks* hearing. Knowing someone and not having the best relationship with them is not a reasonable basis to conclude that the person is likely to manufacture sworn testimony about purchasing illegal drugs. Given that Doe's criminal history and pending investigations were made available to the issuing judge, an unsubstantiated claim that gang affiliation and personal familiarity were omitted does not suggest a material omission from the warrant application (i.e., something that could have affected the probable cause determination).

was not present at the residence within seventy-two hours of when the warrant was requested). Glover understandably would like to know more about what Perez knew about Doe and whether something was omitted from the warrant, but he must produce evidence of an omission affecting the probable cause determination before he can find out. He has not done so, and therefore, I deny his request for a hearing.

The warrant was valid. "The law affords 'great deference' to the probable cause finding made by the judge who evaluated the warrant application in the first instance." *Edwards*, 907 F.3d at 1057 (7th Cir. 2018) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). Doe provided concrete, recent information about cannabis being sold by Glover from the premises to be searched. Some of Doe's information was inculpatory of Doe—that the informant recently purchased drugs—and such information against penal interest reinforced Doe's credibility. *Id.* at 1057. As in *Edwards*, Doe personally appeared before the issuing judge, and the totality of the circumstances would cause a reasonable person to give credence to Doe's information. *Id.* at 1058. Doe claimed knowledge based on firsthand observation, the information was detailed (location, containers, and substances were all described), and Doe's information came from shortly before the warrant application. *See United States v. Sutton*, 742 F.3d 770, 773–74 (7th Cir. 2014). The only corroboration of Doe's information was showing Doe a picture of Glover and driving Doe by the building—simply confirming that Glover and the apartment exist, but not corroborating Doe's incriminating information about Glover. This is a weakness in the complaint. *See*

*United States v Peck*, 317 F.3d 754, 757 (7th Cir. 2003); *United States v. Robinson*, 724 F.3d 878, 884–85 (7th Cir. 2013). But that deficiency is outweighed by Doe's detailed information and Doe's personal appearance and attestation before the judge. Unlike the warrant in *Peck*, 317 F.3d at 756, this warrant: (1) explained how Doe knew the incriminating nature of Doe's observations—Doe ingested substances sold by Glover; (2) provided specific details about where the drugs were hidden; and (3) alleged that the target sold drugs for profit over a long period of time. Although Doe's personal appearance is not a panacea for the absence of probable cause, *id.* at 757, it is a factor in support of it. The issuing judge had information casting doubt on Doe's credibility—Doe's admission to purchasing ecstasy, Doe's criminal history, and Doe's pending investigations—and had an opportunity to assess Doe in person. *See United States v. Sims*, 551 F.3d 640, 644 (7th Cir. 2008) ("Significantly, we also consider whether the informant personally appeared and presented an affidavit or testified before the magistrate, thus allowing the judge to evaluate the informant's knowledge, demeanor, and sincerity."). Coupled with the details Doe provided, this is enough to induce a reasonably prudent person to believe a search of Glover's apartment would uncover evidence of a crime.[5]

---

[5] Perez later told federal agents that Doe provided information to build rapport with the police. This specific motive was not disclosed to the judge, but it was not material. The judge had enough information to evaluate the informant's sincerity. The skepticism with which any judge would evaluate an untested informant (accompanied by a presentation of criminal history and pending investigations) is only marginally increased by the motive of rapport-building and does not undermine the reasonable belief that evidence would be found in Glover's apartment based on Doe's detailed, firsthand information.

Finally, the exclusionary rule does not apply because Perez and the searching officers acted in good-faith reliance on a facially sufficient warrant. *See United States v. Leon*, 468 U.S. 897, 923 (1984). Perez obtained approval from a prosecutor and decided to seek a warrant from a judge. This is evidence that the officer was acting in objective good faith. *United States v. Pappas*, 592 F.3d 799, 802 (7th Cir. 2010); *United States v. Garcia*, 528 F.3d 481, 487 (7th Cir. 2008). "A defendant can defeat the good-faith exception to the exclusionary rule by showing (1) that the issuing judge abandoned the detached and neutral judicial role; (2) that the officer was dishonest or reckless in preparing the affidavit; or (3) that the warrant was so lacking in probable cause that the officer could not reasonably rely on the judge's issuance of it." *United States v. Miller*, 673 F.3d 688, 693 (7th Cir. 2012). Glover has no evidence that the judge abandoned her detached and neutral role, and this was not the kind of bare bones or conclusory affidavit that would make reliance on the warrant unreasonable—detailed information was included in the complaint, Doe was presented to the judge, and Doe's criminal history was disclosed. Glover argues that Perez was dishonest or reckless in omitting adverse credibility information about Doe from the warrant, but Perez presented Doe's criminal history and pending investigations. Glover has no evidence that this disclosure was not made, and no evidence that some other materially impeaching information was known to Perez and withheld. *See* footnote 5, above. As in *Miller*, where a detailed warrant was based on an informant of unknown reliability who reported recent, firsthand observations and

made statements against penal interest, the exclusionary rule does not apply. *Miller*, 673 F.3d at 694.

Glover appeals to an unease about the Chicago Police Department and its use of John Doe warrants, and there are examples of misconduct and abuse of the warrant process. But anecdotal evidence about different officers is not a substantial showing that Perez tried to mislead the judge. The motion to suppress evidence, [36], is denied.

ENTER:

Date:   July 22, 2019

Manish S. Shah
United States District Judge